**SIMONS v. SIMONS et al.   (No. 7069.)**

(Court of Civil Appeals of Texas. San Antonio. Jan. 16, 1924. Rehearing Denied Feb. 13, 1924.)

1. **Partnership** ⬅➡77—**That property taken in name of one partner not fraud.**

The fact that a partner took title to property in his own name did not of itself constitute fraud against copartner, the law treating the holding for the benefit of the firm.

2. **Partnership** ⬅➡115, 120—**Purchaser of property pending suit between partners not necessary party, and issue of fraud in sale to him immaterial.**

Where, in an action between partners, a decree was entered whereby defendant partner was permitted to sell property, and bond was executed in lieu thereof, *held*, that an alleged purchaser of such property was not a necessary party to the action, and the refusal to submit the issue of fraud in the sale to him was proper.

Appeal from District Court, Bexar County; Robert W. B. Terrell, Judge.

Suit by Morris Simons against Joe Simons and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Heilbron & Matthews, C. L. McGill, Paul J. Kilday, and Schlesinger & Schlesinger, all of San Antonio, for appellant.

Chambers, Watson & Johnson, S. C. Eldridge, and J. W. Baker, all of San Antonio, for appellees.

COBBS, J. The parties have given us no clear and concise statement of the nature and result of this case, and we are compelled to attempt one. Indeed, no judge can write an intelligent opinion until a satisfactory and proper statement is made. As near as' we can gather from the voluminous briefs and pleadings, appellant filed this suit for the settlement of partnership transactions, on an alleged verbal contract of partnership between appellant and one of the appellees, Joe Simons, in which they were to purchase certain real estate and distribute the profits. between them when sold. The petition goes into lengthy details, enumerating many transactions, charging fraud, tort, and conversion upon the part of appellees, to set out which as pleaded would fill a great space.

Appellant prayed for an undivided one-half interest in the property, cash and notes, the title to which had been taken in the name of Joe Simons, and that he be required to return a correct account of the partnership doings into court, and that appellant be invested with an undivided one-half interest in and to the property. An injunction was applied for by appellant, restraining appellee from disposing of any of said property, and that a receiver be appointed during the pendency of the suit to take charge thereof. Both were granted. Upon the agreement of the parties, approved by the court, on the 10th day of March, 1922, the injunction and receivership was dismissed; and the bond, to stand in lieu of the property and for the faithful administration of the partnership property, is as follows:

"Now, therefore, in consideration of the dismissal and dissolution of said temporary writ of injunction and application for receiver, and the filing of said cost bond by the plaintiff, M. Simons, as agreed and decreed by this court herein, we, Joe Simons, as principal, and Sam Goldberg, A. E. Lowe, and V. Birnbaum, as sureties, are held and firmly bound unto the said M. Simons, of Bexar county, Texas, in the sum of fifteen hundred ($1,500.00) dollars, for the payment of which the said Joe Simons, his heirs, executors, and administrators, we bind ourselves, our heirs, executors, and administrators. The condition of the above obligation is such that, if the above bounden J. Simons, his heirs, executors, and administrators, shall well and truly pay off, or cause to be paid, unto the said M. Simons, his heirs, executors, administrators, and assigns, any such final judgment as may be finally determined or decreed by a court of competent jurisdiction as a final judgment against the said Joe Simons and Leah Simons, against either or both, by reason of any matters set out and proven in controversy in said suit between M. Simons, plaintiff, and Joe and Leah Simons, defendants, and further conditioned that the said J. Simons will file a quarterly report with the court herein, giving a full statement of all receipts and disbursements, and the disposition and condition of

said property as set out in said plaintiff's petition, and in controversy herein, until said suit is finally disposed of by a final judgment of a court of competent jurisdiction, when the above obligation to be void; otherwise, to remain in full force and effect."

In pursuance thereof Joe Simons, as principal, with Sam Goldberg, A. E. Lowe, and V. Birnbaum, as sureties, executed their bond, payable to plaintiff, M. Simons, conditioned as the decree presented, which M. Simons duly approved. This bond was sued upon in this case, making Sam Goldberg, A. E. Lowe, and V. Birnbaum parties. Appellant sought, with all the parties before the court, by amended pleadings, judgment against Joe Simons and Leah Simons for conversion and exemplary damages for the breach of a contract and tort, for judgment against Joe and Leah Simons and A. C. Lowe for the rescission and cancellation of a conveyance to land, for judgment for $1,500, against the sureties on the bond, and, finally, for a general settlement and accounting of all of the partnership matters. Appellees filed responsive pleadings sufficient for the disposition of the case. The case was tried with a jury.

The court overruled motions and exceptions to plaintiff's second amended original petition, and sustained exceptions and plea of estoppel of defendant A. C. Lowe to plaintiff's second amended original petition. During the progress of the trial Mr. Johnson, of counsel for defendants, stated to the court that it had been agreed by and between all parties to the record, inter alia, that the only issues to be submitted to the jury are the questions as to the fraud in the sale to A. G. Lowe, the issue of accord and satisfaction, and the interests of the parties, whether one-half each, or one-fourth and three-fourths; but all disbursements paid out by the partnership are true and correct, and also all money received and receipt given, and that all proof is dispensed with, and it (the itemized account attached to defendant's answer) may be introduced in evidence as true and correct, which said statement was agreed to by attorneys for all parties.

The court refused to entertain or consider the above-mentioned agreement of parties plaintiff and defendants as to the issues to be submitted to the jury, in and to which action of the court the several defendants acquiesced and consented without objection. Thereupon the court instructed and charged the jury as follows, to wit:

"Gentlemen of the Jury: At the request of the parties in the above-entitled cause, this case is submitted to you on special issues, and you will answer the following questions:

"No. 1. Did the plaintiff, M. Simons, sign the receipt introduced in evidence? Answer 'yes' or 'no.'

"If you answer question No. 1 'yes,' you need not proceed any further.

"If you answer question No. 1 'no,' you will then answer the following question:

"No. 2. Did the plaintiff, M. Simons, and the defendant Joe Simons agree to divide the profits, if any, and bear the losses, if any, of the partnership, in the proportion of one-fourth to plaintiff, M. Simons, and three-fourths to defendant [J.] Simons? Answer 'yes' or 'no.'

"If you answer question No. 2 'no,' you will then answer the following question:

"No. 3. Did the plaintiff, M. Simons, and the defendant J. Simons agree to divide the profits, if any, and bear the losses, if any, of the partnership in the proportion of one-half to plaintiff, M. Simons, and one-half to defendant J. Simons? Answer 'yes' or 'no.'"

Thereupon, and pursuant to the court's said charge and instructions, the jury returned into court the following verdict, to wit:

"We, the jury, return answers to the questions submitted to us in the above numbered and entitled cause, as follows, to wit:

"To question No. 1, we answer: No.

"To question No. 2, we answer: No.

"To question No. 3, we answer: Yes."

In pursuance therewith the following judgment was entered:

"Whereupon came on to be heard the motion of defendants for the entry of judgment that plaintiff take nothing by reason of his suit, and that the defendant Joe Simons take nothing by reason of his cross-action, and that defendants recover all costs in this behalf expended. It is therefore considered, ordered, adjudged, and decreed by the court that the plaintiff, Morris Simons, take nothing by reason of his said suit, and that the defendant Joe Simons take nothing by reason of his said cross-action, and that the defendants herein, Joe Simons, Leah Simons, Sam Goldberg, A. E. Lowe, and V. Birnbaum, recover of and from the plaintiff, Morris Simons, all costs in this behalf expended, for which they may have execution."

A careful examination of the record fails to show any such specific acts of fraud that raised an issue thereon that required the court to submit to the jury. Appellant's brief set out much of conclusion on the subject, but no specific act. The sales of the partnership property by Joe Simons was in pursuance of their authority and within the knowledge of M. Simons, who could at all times know or was charged with knowledge. Joe Simons was authorized under the bond to sell the property, binding upon appellant. The bond required him to make report of his sales, and he did so. It appears J. Simons reported his acts in buying, improving, and selling the property, which were approved and accepted as true and correct.

[1] The facts alleged and proven, that title to the property, under the circumstances of this case, was taken in the name of J. Simons, and not jointly, do not of themselves constitute fraud. The law would treat such holding for the benefit of the firm. All the parties were before the court, and whether

the title to the property was fraudulently taken in the name of any of the parties involved issues of fact, and when shown to be partnership property the court had the power to administer it. Another reason given by the trial court in not submitting that issue, which seems sound to us, is that it became immaterial, because the agreed interlocutory order or decree made upon the agreement of the parties for dismissing the injunction and receivership, by the terms of the bond full authority was given to sell the property, and Joe Simons was only required to account for the proceeds of any sale thereof.

[2] If A. C. Lowe, the alleged purchaser, without any consideration had taken the title to the land in his name to place it beyond the reach of appellant, so that the property could not be administered as a partnership asset, then he would be a proper party to bring before the court with the property, for its ultimate disposal in the settlement of the partnership affairs. But here there does not seem to be sufficient allegations of facts, proof or circumstances to require him to answer, taken in connection with the agreement made by the parties, substituting a bond to cover any sale. It was a change of one kind of security for another, and this dispensed with A. C. Lowe and the alleged partnership property held by him. The interlocutory decree of March 10, 1922, based upon the written agreement, was in full force and effect on the 14th day of October 1922, when the conveyance was made to A. C. Lowe, which authorized such sales. The bond stood in the place of the property disposed of by its very terms.

The deed, with covenants of general warranty, from Joe Simons and Leah Simons to A. C. Lowe, dated October 14, 1922, conveyed lots 4, 5, 6, 7, and 8, block 2 new city block 2924 O. C. L. 112 south side of Paul street, San Antonio, Texas, for a consideration of $5,250, paid and to be paid as follows: $250.00 cash in hand paid, and receipt acknowledged; the assumption and payment and release of certain vendor's and builders' and mechanics' liens on said property, aggregating the sum of $3,517.98; and the further consideration of the execution and delivery, by said A. C. Lowe to grantors, of his certain vendor's lien note, of even date, for $1,840.28, bearing 8 per cent. interest from date, and payable to J. Simons, or order, in monthly installments of $25 each, including interest, at San Antonio, Texas.

In respect to the issues, viewing the case as one of partnership settlement, the issues submitted by the court were all that was required under the circumstances. The findings of the jury are supported by the testimony.

We have examined the special charges requested by the appellant, and see no error in their refusal, for all the issues necessary were submitted properly in the court's charge, and their submission would not tend in the least to clarify the material issues before the jury, or assist them in arriving at a verdict.

Finding no reversible error assigned, the judgment is affirmed.